FILED 19 OCT '26 14:42 USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

UNITED STATES OF AMERICA
Plaintiff,

v.

SERGEY LEBEDENKO
Defendant.

Case No.: 3:24-CR-00061-AB-1

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. SECTION 3582 (c)(2).. 2026 Amendment to Section 2B1.1(b)(1).

Clerk Action Required

COMES NOW: Sergey Lebedenko* 1 appearing self represented "Pro Se" and petitions the court for a reduction in sentencing pursuant to 18 U.S.C. section 3582(c)(2), change in subsection.[2]

Indeed the November 1st , 2026 amendment impacting the United States Sentence Guidelines "U.S.S.G." section 2B1.(b)(1) is amended by striking the previous language and inserting the following:

| Loss (apply the greatest) | (Increase in level) |
|---|---|
| (K) more than $15,000,000 | Add 20 |

In the instant case of USA v. Sergey Lebedenko the amendment provides the court authority to reduce defendant's sentence up to eleven (11) months provided petitioner Sergey Lebedenko can meet the additional obligations required to so-order a reduction in sentencing.

Respectfully Sergey Lebedenko request the court view this motion in a light most favorable to him. Considering the totality of circumstances cumulatively and compelling as a whole thereby meeting the burden required to grant a reduction within the meaning of 3582 (c)(2), and 3553(a)...

1 Sergey Lebedenko is discussed and referred to interchangeably as Mr. Lebedenko, Sergey, Defendant , Petitioner , and moving party.

2 Mr. Lebedenko presented a similar motion in the past prematurely to the court. He apologizes for placing a undue burden on the plaintiff and court to respond to the previous motions. Respectfully Mr. Lebedenko current motion has merit and is on point , he believes the court can now be in agreement with a reduction as presented.

Sergey Lebedenko has been subject to a carceral period of thirty two (32) months thus-far. This period includes fourteen months of restricting monitored home detention and his post sentencing on going at the Federal Correctional Institution Sheridan. "FCI" This time has been both mentally and physically difficult for him. [3]

Sergey Lebedenko is now three (3) years removed from his offense. His unlawful act ended in the year 2023. Mr. Lebedenko record at Sheridan reflects no incidents only solid improvements.

Mr. Sergey Lebedenko would take responsibility for his non-violent crime and enter a guilty plea for his offense. Ref, ECF. 117.

Mr. Sergey Lebedenko need not to repeat all the elements of his offense here , but he recognizes the severity of his offense, he has remorse and shame for his actions. These actions are ones he will never repeat again. His time in prison has helped him to become honest with himself and he has admitted to his character defects of trying to justifying his actions as a wrong doer.

MR. SERGEY LEBEDENKO WOULD TAKE FINANCIAL RESPONSIBILITIES FOR HIS OFFENSE.

Other valuable consideration in favor of Mr. Lebedenko is the court can acknowledge was his agreement to ease the burden on the court and parties to adjudicate restitution.

Indeed Mr. Lebedenko would concede to a multi-million dollar judgement in favor of others for his role in the offense of conspiracy wire fraud and money laundering.

Mr. Lebedenko would liquidate his assets and income to make amends for his actions.. Mr. Lebedenko would even pledge residual payments he would receive from a bankruptcy debtors estate. ( see Exhibit A ) These actions speak well of Mr. Lebedenko character and who he is, turning a page as a re-invented law abiding citizen.

In response to his offense the court would order a sentence of fifty seven (57) months for Mr. Lebedenko conspiracy. The offense sentence classification is governed by U.S.S.G. section 2B1.1. Basic Economic Offenses.

3 Pre-trial /home detention can be considered and incorporated into defendants sentence time as it is a punitive period. quoting Reno v. Koray 515 U.S. 50 (1995)

The 2025 U.S.S.G. Base level offense is establish at (7) the next calculation is (b) Specific Offense Characteristic. (1) If the loss exceeded see dollar amount chart... In the instant case of USA v. Lebedenko the loss exceeded $25,000,000 this added (22) to offense level. Mr. Lebedenko would receive a plus (1) for a under age 18 offense. Mr. Lebedenko would receive a minus (2) reduction for zero point offender. In addition a (3) point reduction for acceptance of responsibility. Indeed the final adjusted offense level for Mr. Sergey Lebedenko was (25). This level would default to the most current sentencing table Zone D with a Criminal History Category of zero, resulting in [57 to 71] months imprisonment.

Mr Sergey is grateful that the court elected to sentence him at the lowest end of fifty seven (57) months custodial sentence. Pursuant to 18 U.S.C. section 3553(a) was applied which represented Mr. Lebedenko characteristics at the time of sentencing. Mr. Lebedenko ask the court to review his post sentence positive behavior when deciding this motion.

THE UNITED STATES SENTENCING GUIDELINES "USSG", NOVEMBER 1 2026 AMENDMENT FOR INFLATIONARY ADJUSTMENTS, IMPACTS THE LOSS TABLE.

This loss table adjustment mitigates Mr. Sergey Lebedenko custodial sentence duration. Mr. Sergey Lebedenko if sentenced today in a real time status would reflect a adjusted offense level of (23), there by moving the needle of the most current sentencing table resulting in [46 to 57] months imprisonment. (See Exhibit B) It is this amendment of Inflationary Adjustments that is Mr. Sergey Lebedenko core argument for a sentence reduction pursuant to 3582 (c)(2)... that he relies on.

ISSUES BEFORE THE COURT

1) At the discretion of the court is a reduction in sentencing warranted at this time for Mr. Sergey Lebedenko. Quoting U.S.S.G. Section 10(b)(1).

2) At the discretion of the court can U.S.S.G. Section 1B1.13(c) LIMITATIONS IN CHANGE IN LAW establish the burden for a reduction should the 2026 amendment to "Basic Economic Offenses" not be subject to retro-activity ?

3) At the courts discretion by applying the standards required under 18 U.S.C. 3553(a) demonstrate the nature and circumstance of the offense and the individual characteristics of Sergey Lebedenko rise to the level required for a reduction?

## LEGAL STANDARD

Federal courts normally do not have the authority to modify a sentence once it has been imposed; however, this general rule is subject to a few well-defined narrow exceptions-including a statutory exception under 18 U.S.G. section 3582(c)(2). See e.g.,{2026 U.S. Dist. LEXIS 2} Dillon v. United States, 560 U.S. 817, 824, 310 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality."). Section 3582(c)(2) grants a district court jurisdiction and discretion to reduce a defendant's sentence if the sentence was "based on a sentence-ing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. Section 3582(c)(2). In such cases, a court "may reduce the term of imprison-ment" only after consideration the factors set forth in Section 3553(a) and ensuring the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. Section 3582(c)(2).

The Supreme Court in Dillon announced a two-step test for courts to follow when considering a motion for a sentence reduction under 3582(c)(2). First, a court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. at 827. "A defendant is eligible for a reduction only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, and (2) the reduction is consistent with U.S.S.B. Section 1B1.10, the policy statement that implements Section 3582(c)(2). "United States v. Mercado-Moreno, 869 F.3d 942, 948-49 (9th Cir. 2017). The relevant policy statement issued by the Sentencing Commission provides that in determining whether and to what extent a defendant is eligible for a sentence {2026 U.S. Dist LEXIS 3} reduction, the court must "determine 'the amended guideline range that would have been applicable to the defendant if [the relevant amendment] has been in effect at the time the defendant was sentenced.'" Id. (quoting U.S.S.G. section 1B1.10(b)(1)). "When making this determination, the court must substitute only the relevant amendment for the 'corresponding guideline provisions that were applied when the defendant was sentenced' and must 'leave all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. Section 1B1. 10(b)(1)). "A defendant is ineligible for a sentence reduction reduction if the relevant amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. Section 1(B)1.10(a)(B)).

If a defendant is eligible for a sentence reduction under step one of the inquiry, the district court proceeds to step two: "The court must determine whether, in its discretion, 'the authorized reduction is warranted, either in whole or in part, according to the factors set forth in '18 U.S.C. section 3553(a) and "under the particular circumstances of the case." Mercado-Moreno, 869 F.3d at 949 (quoting Dillon, 560 U.S. at 826-27).

Indeed the black line rule of U.S.S.G. section 1B1.10(b)(1) is before the court.

Mr. Sergey Lebedenko sentence under the guideline range of today results in a sentence reduction of eleven (11) months.

Here the sentencing chart range of today is forty six (46) to (57) months imprisonment, the pervious sentence chart range of year 2025 was fifty seven (57) to (71) months imprisonment as a matter of law there is a reduction available.

.Mr. Sergey Lebedenko having met the burden required of step one (1) for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2). The court must next review the factors of 18 U.S.C. section 3553(a).

At first blush if the court were to apply the same application of the law factored previously at Mr. Sergey Lebedenko sentence hearing could warrant the low end of the sentencing chart range of forty six (46) months, a reduction resulting in eleven (11) months.

In a effort to persuade the court. Sergey Lebedenko ask the court review the factors of 3553(a) in a real time status.

> Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. section 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the effective manner." 18 U.S.C. section 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary.

## THE DECISION TO GRANT A REDUCTION IN SENTENCING IS WITHIN – THE SOLE-DISCRETION OF THE COURT

However, the supreme court has admonished sentencing courts to remain mindful of the overall Draconian sentence, "may work to promote respect" but derision for the law, if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in the sentencing. United States v. Gall 552 U.S. 38,52, (2007)

Indeed other valuable consideration is Sergey Lebedenko guilty plea and his consistent expression of remorse, by acceptance of full responsibility for his actions. A continued mult-year period of imprisonment is not needed to further impress upon him the need to comply with the law going forward.

United States v. Gall 552 U.S. 38,59,(2007) ("Gall's self-motivated rehabilitation . . lends strong support to the conclusion that imprisonment was not necessary to deter Gall from engaging in future criminal conduct or to protect the public from his future criminal acts")(Citing Sections 3553(a)(2)(B)--(C)).

With respect Mr. Sergey Lebedenko request the court apply legal precedent below in its evaluation;

Pepper v. United States, 552 U.S. 476,492, (2011) (Instructing courts to consider "the most up-to-date picture of the person.)

. . Sergey Lebedenko release date in a real time status reflects a release date to either Home Confinement "HC" or Residential Re-entry Confinement "RRC" of July 3rd, 2027. This leaves an estimated nine months remaining at the Sheridan BOP facility. Here a reduction for Mr. Lebedenko of nine (9) months, pursuant to 18 U.S.C. 3582(c)(2) would fast forward Mr. Lebedenko into entry of his preferred placement of Residential Re-entry Center a wise choice by Sergey to re-enter society and become employed. (Exhibit C. Is evidence of Mr. Lebedenko team sheet to verify the above dates and status of his Federal Time Credits )

More overly research has shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishment do not yield significant (if any) marginal deterrent effects." M. Tonry, Purpose and Functions of Sentencing, Crime and Just. 1, 28 (2006). Moreover, general deterrence is not at issue here in the instant case of Mr. Lebedenko. See United States v. Edwards, 595 F. 3d 1004, 1016(9th Cir. 2010) noting that section 3553(a) "does not require the goal of general deterrence to be met through a period of incarceration").

Any remaining prison custody of Mr. Lebedenko will merely serve to hinder his ability to begin payment of his financial amends to those harmed by his offense.

Indeed Sergey Lebedenko is proceeding pursuant to U.S.S.G. 1B1.10.(b)(1). Here the facts demonstrate a reduction meets the conditions of the 2026 amendment along with the current policy statement, applying. The other factors required for consideration —pursuant to U.S.C. 18 section 3582(c)(2) are the conditions of 3553(a) all of which Mr. Lebedenko demonstrates as being met.

## RELIEF REQUESTED

Mr. Sergey Lebedenko beleives it would be a positive— to request his sentence be reduced by nine (9) months, this would allow him to exit prison and be process into a Residential Re-entry Center to prepare him to re-enter into the community become employed and begin a new lawful existence.

## MR. SERGEY LEBEDENKO HAS MADE POSITIVE AND EDUCATIONAL ADVANCEMENTS DURING HIS INCARCERATION STAY AT "BOP" SHERIDAN

Mr. Lebedenko has an exemplary record during his incarceration. Mr. Lebedenko has completed numerous courses successfully offered by the prison education department. (ExhibitC.) demonstrates Mr. Lebedenko's progress of these courses.

Mr. Lebedenko most positive action was his commitment to achieve his Commercial Driver Training Certificate . Mr. Lebedenko would be allowed furloughs within the local community to complete this training. On August 4th, 2026 Sergey would pass his exam and received his CDL license.

Indeed Mr. Lebedenko demonstrates abilities to re-invent himself and also enter a new high paid profession.(Attached as Exhibit Dis a copy of his Chemeketa Community College Certificate.)

## SERGEY LEBEDENKO REDUCTION POSES NO THREAT TO THE COMMUNITY OR RISK OF RE-OFFENSE.

Defendant Sergey Lebedenko is a first time non-violent offender. A sentence reduction for Mr. Lebedenko will result into a quick entry into a Residential Re-entry-Center, "RRC". This will still be restrictive and monitored. However it will provide Mr. Lebedenko the opportunity for gainful employment as a CDL driver. Indeed employment means income, it means responsibility, and also a lawful contribution to society. Statistics demonstrate employed felons are less likely to re-offend. The risk of danger to the community should not be concerning to the court.

## SERGEY LEBEDENKO SENTENCE REDUCTION IS CONSISTENT WITH THE 18 U.S.C. SECTION 3553(a)(1) AND (2) SENTENCING FACTORS.

The factors the Court must consider 18 U.S.C. Section 3553(a) favors Sergey Lebedenko reduction. The statute directs the court impose a "sufficient but not greater than necessary, sentence to comply with the purpose set forth in paragraphs of Section 3553(a)". "The need for the sentence imposed to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense" (2) afford adequate deterrence to criminal conduct.

Mr. Sergey Lebedenko request the Court to establish forty eights months as sufficient to satisfy just punishment and adequate deterrence for his offense.

## CONCLUSION

Mr. Sergey Lebedenko has met the burden to establish a reduction within the meaning of 18 U.S.G. Section 3582(c)(2).

1) The 2026 Nov. 1 Amendment INFLATIONARY ADJUSTMENTS provides Mr. Sergey Lebedenko a lawful reduction up to eleven (11) months.

2) In consideration the court at its discretion could apply the U.S.S.G. section 1B1.13(c) limitation on changes in law.

> LIMITATIONS ON CHANGES IN LAW,--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purpose of determining whether an extraordinary and compelling reason exist under this policy statement. However, if a defendant otherwise establishes that this policy statement, a change in the law (including an amendment to the Guideline Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. Section 1B1.13(D) Rehabilitation of defendant can be considered.

> Congress has instructed that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. Section 1B1.13(d); 28 U.S.C. Section 994(t). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with {2025 U.S. Dist. LEXIS 24} other considerations in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. Section 1B.13(d); see United States v. Millan, 2020 U.S. Dist. LEXIS 59955, 2020 WL 1674058, at *7 (S.D.M.Y. Apr. 6, 2020) (finding "that rehabilitation, when considered together with the other equitable factors, could constitute 'extraordinary and compelling reason' for a sentence reduction")).

3) Mr. Sergey Lebedenko meets the condition of 3553(a) Mr. Sergey Lebedenko is not a danger to the community. Mr. Lebedenko reduction will result in an entry into a RRC. His accomplishment in prison make him employable, his good attitude and positive outlook makes him likable and a quality people person, employment will not be a problem to establish a fresh start.

4) Mr. Sergey Lebedenko acknowledges his offense was serious and harmful an offense he will never repeat. His incarceration at FCI Sheridan had been a severe punishment, a loss of liberty brought upon himself for his selfish, self-serving action. However, the individual of that character no longer exist.

Respectfully Mr. Sergey Lebedenko request applying a multifaceted analysis and considering the totality of circumstances, there by applying the requirement of 3582 (c)(2) can be granted a sentence of forty eights (48) resulting in a nine (9) month reduction from his original sentence.

Submitted this 15 day of October 2026

by ____________________
Sergey Lebedenko

# EXHIBIT LIST

Exhibit (A) .................................. Stipulation Regarding Restitution: (3) pages

Exhibit (B) .................................. Amendment Inflationary Adjustments

The Nov. 1 2026 Amendment (1) page

Pages-68-69 (2) pages

Sentencing Table (1) page

Exhibit (C).................................. Inmate Team Sheet Schedule of completed courses (2) pages

Exhibit (D).................................. Graduate of Commercial Drivers License Certificate (3) pages

# Exhibit A

WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**MEREDITH D.M. BATEMAN, OSB #192273**
Meredith.Bateman@usdoj.gov
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00061-AB-1** |
| **v.** | **STIPULATION REGARDING RESTITUTION** |
| **SERGEY LEBEDENKO,** | |
| **Defendant.** | |

The United States of America, by and through Assistant United States Attorneys Meredith D.M. Bateman and Andrew To. Ho, and defendant Sergey Lebedenko, by and through his counsel, Ronald H. Hoevet, respectfully request that the Court order defendant Sergey Lebedenko pay restitution in the total amount of $33,285,275.30.



1. The Court sentenced defendant on March 5, 2025, but did not order restitution at the time of sentencing. Instead, the matter of restitution was set to be determined at a restitution hearing on June 5, 2025.
2. By agreement of the parties, the restitution hearing was vacated in favor of resolution by stipulation.
3. The parties hereby stipulate and agree that defendant shall be liable for restitution in the total amount of $33,285,275.30 to Adult Victim 1 and that defendant's conduct caused this loss.
4. The parties stipulate that this restitution shall be joint and several with co-defendant Galina Lebedenko.
5. The parties stipulate that any interest on the amount of restitution shall be suspended.
6. The parties agree that the amount of restitution set forth in this Stipulation is supported by a preponderance of the evidence.
7. The parties agree, with regard to the total criminal monetary penalties in this case, including restitution, that:
   a. Payments shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program;
   b. if there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $200, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full, to commence immediately upon release from custody; and



A-(2)

c. All amounts defendant receives pursuant to his claim filed in the adversarial bankruptcy action in Case #22-31458-thp13 shall be paid toward defendant's restitution obligation. More specifically, Defendant acknowledges that he has been receiving monthly payments in that case pursuant to a secured claim against debtor Aaron Soule, which he obtained pursuant to a Judgment in Multnomah County case number 20CV20729. Defendant agrees that going forward, these payments will be made to the Clerk of Court for the U.S. District Court for the District of Oregon and applied to Defendant's restitution obligation. To facilitate that transfer of claim, the parties agree that following entry of this Stipulation, the Financial Litigation Program within the U.S. Attorney's Office will complete all necessary transfer notices and other paperwork with the United States Bankruptcy Court.

IT IS SO STIPULATED

Dated: ________________, 2025

Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney

________________________________
MEREDITH D.M. BATEMAN, OSB #192273
ANDREW T. HO, OSB #185047
Assistant United States Attorneys

Dated: ________________, 2025

________________________________
RONALD H. HOEVET, OSB #751746
Attorney for Defendant Sergey Lebedenko



A (3)

# Exhibit B

5. Part C of the proposed amendment would add a new specific offense characteristic at §2D1.1(b)(16) relating to the distribution of a mixture or substance containing (A) fentanyl or a fentanyl analogue and (B) xylazine. The Commission seeks comment on whether the proposed enhancement is appropriate. The Commission also seeks comment on whether there are other adulterants with similar effects (*e.g.*, medetomidine) to which the enhancement should apply.

6. The proposed enhancement at §2D1.1(b)(17) provides that this enhancement shall not apply if the enhancement at §2D1.1(b)(13) applies. The Commission seeks comment on the interaction between these two enhancements. Does the proposed enhancement at §2D1.1(b)(17) capture conduct and harm that the current enhancement at §2D1.1(b)(13) does not?

## 2. INFLATIONARY ADJUSTMENTS

**Synopsis of Proposed Amendment:** This proposed amendment is a result of the Commission's work in examining §2B1.1 (Theft, Property Destruction, and Fraud) and related guidelines to consider whether the loss table should be revised to simplify application or to adjust for inflation. *See* U.S. Sent'g Comm'n, "Notice of Final Priorities," 90 FR 39263 (Aug. 14, 2025). As part of that work, the Commission is considering whether to adjust all monetary tables and values in the guidelines for inflation.



The monetary tables and values in the guidelines, including the monetary values in the fine tables for individual defendants and for organizational defendants, were last revised to account for inflation in 2015. *See* USSG App. C, amend. 791 (effective Nov. 1, 2015). The proposed amendment would amend the monetary tables in the guidelines to adjust for inflation, *i.e.*, the tables in §§2B1.1 (Theft, Property, Destruction, and Fraud), 2B2.1 (Burglary), 2B3.1 (Robbery), 2R1.1 (Bid-Rigging, Price-Fixing or Market-Allocation Agreements Among Competitors), 2T4.1 (Tax Table), 5E1.2 (Fines for Individual Defendants), and 8C2.4 (Base Fine). The proposed amendment would adjust the monetary tables and values in the guidelines using a specific multiplier derived from the Bureau of Labor Statistics' Consumer Price Index and then would round the amounts using a set of rules extrapolated from the provisions for adjusting monetary penalties for inflation set forth in section 5(a) of the Federal Civil Penalties Inflation Adjustment Act of 1990. This is the same methodology the Commission used in 2015. *See* USSG App. C, amend. 791 (effective Nov. 1, 2015).

In addition, the proposed amendment adjusts for inflation the monetary value in specific offense characteristics in other Chapter Two guidelines and includes conforming changes to guidelines that refer to the monetary tables.

Issues for comment are also provided.

**Proposed Amendment:**

Section 2B1.1(b)(1) is amended by striking the following:

"If the loss exceeded $6,500, increase the offense level as follows:

| | *Loss* (Apply the Greatest) | *Increase in Level* |
|---|---|---|
| (A) | $6,500 or less | no increase |
| (B) | More than $6,500 | add 2 |
| (C) | More than $15,000 | add 4 |
| (D) | More than $40,000 | add 6 |
| (E) | More than $95,000 | add 8 |
| (F) | More than $150,000 | add 10 |
| (G) | More than $250,000 | add 12 |
| (H) | More than $550,000 | add 14 |
| (I) | More than $1,500,000 | add 16 |
| (J) | More than $3,500,000 | add 18 |
| (K) | More than $9,500,000 | add 20 |
| (L) | More than $25,000,000 | add 22 |
| (M) | More than $65,000,000 | add 24 |
| (N) | More than $150,000,000 | add 26 |
| (O) | More than $250,000,000 | add 28 |
| (P) | More than $550,000,000 | add 30."; |



and inserting the following:

"If the loss exceeded $9,000, increase the offense level as follows:

| | *Loss* (Apply the Greatest) | *Increase in Level* |
|---|---|---|
| (A) | $9,000 or less | no increase |
| (B) | More than $9,000 | add 2 |
| (C) | More than $20,000 | add 4 |
| (D) | More than $55,000 | add 6 |
| (E) | More than $150,000 | add 8 |
| (F) | More than $200,000 | add 10 |
| (G) | More than $350,000 | add 12 |
| (H) | More than $750,000 | add 14 |
| (I) | More than $2,000,000 | add 16 |
| (J) | More than $5,000,000 | add 18 |
| (K) | More than $15,000,000 | add 20 |
| (L) | More than $35,000,000 | add 22 |
| (M) | More than $90,000,000 | add 24 |
| (N) | More than $200,000,000 | add 26 |
| (O) | More than $350,000,000 | add 28 |
| (P) | More than $750,000,000 | add 30.". |

## SENTENCING TABLE
(in months of imprisonment)

| | | Criminal History Category (Criminal History Points) | | | | | |
|---|---|---|---|---|---|---|---|
| | Offense Level | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
| | 1 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 |
| | 2 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 1–7 |
| | 3 | 0–6 | 0–6 | 0–6 | 0–6 | 2–8 | 3–9 |
| | 4 | 0–6 | 0–6 | 0–6 | 2–8 | 4–10 | 6–12 |
| Zone A | 5 | 0–6 | 0–6 | 1–7 | 4–10 | 6–12 | 9–15 |
| | 6 | 0–6 | 1–7 | 2–8 | 6–12 | 9–15 | 12–18 |
| | 7 | 0–6 | 2–8 | 4–10 | 8–14 | 12–18 | 15–21 |
| | 8 | 0–6 | 4–10 | 6–12 | 10–16 | 15–21 | 18–24 |
| | 9 | 4–10 | 6–12 | 8–14 | 12–18 | 18–24 | 21–27 |
| Zone B | 10 | 6–12 | 8–14 | 10–16 | 15–21 | 21–27 | 24–30 |
| | 11 | 8–14 | 10–16 | 12–18 | 18–24 | 24–30 | 27–33 |
| | 12 | 10–16 | 12–18 | 15–21 | 21–27 | 27–33 | 30–37 |
| Zone C | 13 | 12–18 | 15–21 | 18–24 | 24–30 | 30–37 | 33–41 |
| | 14 | 15–21 | 18–24 | 21–27 | 27–33 | 33–41 | 37–46 |
| | 15 | 18–24 | 21–27 | 24–30 | 30–37 | 37–46 | 41–51 |
| | 16 | 21–27 | 24–30 | 27–33 | 33–41 | 41–51 | 46–57 |
| | 17 | 24–30 | 27–33 | 30–37 | 37–46 | 46–57 | 51–63 |
| | 18 | 27–33 | 30–37 | 33–41 | 41–51 | 51–63 | 57–71 |
| | 19 | 30–37 | 33–41 | 37–46 | 46–57 | 57–71 | 63–78 |
| | 20 | 33–41 | 37–46 | 41–51 | 51–63 | 63–78 | 70–87 |
| | 21 | 37–46 | 41–51 | 46–57 | 57–71 | 70–87 | 77–96 |
| | 22 | 41–51 | 46–57 | 51–63 | 63–78 | 77–96 | 84–105 |
| | 23 | 46–57 | 51–63 | 57–71 | 70–87 | 84–105 | 92–115 |
| | 24 | 51–63 | 57–71 | 63–78 | 77–96 | 92–115 | 100–125 |
| | 25 | 57–71 | 63–78 | 70–87 | 84–105 | 100–125 | 110–137 |
| | 26 | 63–78 | 70–87 | 78–97 | 92–115 | 110–137 | 120–150 |
| | 27 | 70–87 | 78–97 | 87–108 | 100–125 | 120–150 | 130–162 |
| Zone D | 28 | 78–97 | 87–108 | 97–121 | 110–137 | 130–162 | 140–175 |
| | 29 | 87–108 | 97–121 | 108–135 | 121–151 | 140–175 | 151–188 |
| | 30 | 97–121 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 |
| | 31 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 |
| | 32 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 |
| | 33 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 |
| | 34 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 |
| | 35 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 |
| | 36 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 |
| | 37 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life |
| | 38 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life | 360–life |
| | 39 | 262–327 | 292–365 | 324–405 | 360–life | 360–life | 360–life |
| | 40 | 292–365 | 324–405 | 360–life | 360–life | 360–life | 360–life |
| | 41 | 324–405 | 360–life | 360–life | 360–life | 360–life | 360–life |
| | 42 | 360–life | 360–life | 360–life | 360–life | 360–life | 360–life |
| | 43 | life | life | life | life | life | life |


25
-3
-2
+22
+1
7
57 to 71 Months
11/01/2025
23
-3
-2
+20
+1
7
46 to 57 Months
11/01/2026

# Exhibit C

## Individualized Needs Plan - Program Review (Inmate Copy)

SEQUENCE: 02419672
Dept. of Justice / Federal Bureau of Prisons
Team Date: 05-21-2026
Plan is for inmate: LEBEDENKO, SERGEY 95864-510

| | | | |
|---|---|---|---|
| Facility: | SHE SHERIDAN FCI | Proj. Rel. Date: | 10-08-2028 |
| Name: | LEBEDENKO, SERGEY | Proj. Rel. Mthd: | FIRST STEP ACT RELEASE |
| Register No.: | 95864-510 | DNA Status: | SHE09905 / 03-06-2025 |
| Age: | 55 | | |
| Date of Birth: | [redacted] | | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

**Inmate Photo ID Status**

Drivers License, Current - Expiration: 06-01-2026

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|

*NO ASSIGNMENTS*

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SHE | ESL HAS | ENGLISH PROFICIENT | 04-16-2025 |
| SHE | GED HAS | COMPLETED GED OR HS DIPLOMA | 04-28-2025 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| SHE | | BASS GUITAR BEGINNING | 10-09-2025 | CURRENT |
| SHE | | V-HORTICULTURE | 04-20-2026 | CURRENT |
| SHE SCP | C | MUSIC THEORY | 10-09-2025 | 04-26-2026 |
| SHE SCP | C | ACE: ACCOUNTING 1 | 03-17-2026 | 04-16-2026 |
| SHE SCP | C | ACE: WORLD WAR II HISTORY | 03-17-2026 | 04-16-2026 |
| SHE SCP | C | TUTOR TRAINING 3 HRS | 04-14-2026 | 04-14-2026 |
| SHE SCP | C | LEATHER ADVANCED | 01-14-2026 | 03-26-2026 |
| SHE SCP | C | ACE: US HISTORY | 01-13-2026 | 02-17-2026 |
| SHE SCP | C | ACE: APPLIED MATHEMATICS | 01-13-2026 | 02-17-2026 |
| SHE SCP | C | LEATHER INTERMEDIATE | 10-09-2025 | 01-14-2026 |
| SHE SCP | C | ACE: ROME HISTORY OF AN EMPIRE | 11-18-2025 | 12-19-2025 |
| SHE SCP | C | LEATHER BEGINNING | 07-03-2025 | 09-23-2025 |
| SHE SCP | C | ACE: SANITATION TECH | 07-08-2025 | 08-07-2025 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 05-08-2025 |
| CARE2 | STABLE, CHRONIC CARE | 04-04-2025 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| LOWER BUNK | LOWER BUNK REQUIRED | 03-12-2025 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 03-12-2025 |
| STAND RSTR | NO PROLONGED STANDING | 03-12-2025 |
| WGT 15 LB | WEIGHT-NO LIFTING OVER 15 LBS | 03-12-2025 |
| WHEELCHAIR | REQUIRES WHEELCHAIR | 03-12-2025 |
| YES F/S | CLEARED FOR FOOD SERVICE | 03-12-2025 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| DAP REFER | DRUG ABUSE PROGRAM REFER | 09-03-2025 |



## Individualized Needs Plan - Program Review (Inmate Copy)

SEQUENCE: 02419672
Dept. of Justice / Federal Bureau of Prisons
Team Date: 05-21-2026
Plan is for inmate: LEBEDENKO, SERGEY 95864-510

| Assignment | Description | Start |
|---|---|---|
| ED COMP | DRUG EDUCATION COMPLETE | 05-16-2025 |

**FRP Payment Plan**

Most Recent Payment Plan

**FRP Assignment:** COMPLT FINANC RESP-COMPLETED **Start: 06-26-2025**

Inmate Decision: AGREED $300.00 Frequency: SINGLE
Payments past 6 months: $0.00 Obligation Balance: $0.00

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $300.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**FRP Deposits**

Trust Fund Deposits - Past 6 months: $4,058.10 Payments commensurate ? Y
New Payment Plan: ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 06-12-2025 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 05-27-2026 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 05-27-2026 |
| N-COGNTV N | NEED - COGNITIONS NO | 05-27-2026 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 04-16-2025 |
| N-EDUC N | NEED - EDUCATION NO | 05-27-2026 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 05-27-2026 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 05-27-2026 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 05-27-2026 |
| N-MEDICL Y | NEED - MEDICAL YES | 05-27-2026 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 05-27-2026 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 05-27-2026 |
| N-TRAUMA N | NEED - TRAUMA NO | 05-27-2026 |
| N-WORK Y | NEED - WORK YES | 05-27-2026 |
| R-MIN | MINIMUM RISK RECIDIVISM LEVEL | 05-27-2026 |

**Progress since last review**

SSC/BC/ID: CDL Driver's Permit (at Chemeketa during class), Photocopies of OR/DL and Certificate of Naturalization
Work: SCP Education
FRP: complete
Edu Complete: ACE: ROME HISTORY OF AN EMPIRE, LEATHER INTERMEDIATE, ACE: APPLIED MATHEMATICS, ACE: US HISTORY, LEATHER ADVANCED, TUTOR TRAINING 3 HRS, ACE: WORLD WAR II HISTORY, ACE: ACCOUNTING 1, MUSIC THEORY
Enrolled: CDL, VT Horticulture, Bass Guitar Beginning
Wait List: Criminal Thinking, Emotional Self-Regulation, Occupational Education, Non-Resolve Seeking Strength, the Resolve Workshop, Basic Cognitive Skills.
Incident Reports: none
Pre-Release Account: Curr Bal $0

**Next Program Review Goals**

- Complete CDL and Bass Guitar Beginning.
- Continue working towards VT Horticulture
- Enroll in Criminal Thinking, Emotional Self-Regulation, Occupational Education, Non-Resolve Seeking Strength, the Resolve Workshop and Basic Cognitive Skills (on w/s).
- Enroll in at least one ACE class of your choice.

**Long Term Goals**

By May 2027:
- Complete CDL, Bass Guitar Beginning, VT Horticulture, Criminal Thinking, Emotional Self-Regulation, Occupational Education, Non-Resolve Seeking Strength, the Resolve Workshop and Basic Cognitive Skills and at least one ACE class of your choice.
- Enroll in RDAP

By December 2027:
- Save at least $25/month towards your pre-release account.

**RRC/HC Placement**

**Individualized Needs Plan - Program Review (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: LEBEDENKO, SERGEY 95864-510

SEQUENCE: 02419672
Team Date: 05-21-2026

Recommended Placement on date 07-03-2027.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources : Bed space, court ordered treatment
- Offense : Moderate Severity, 57 months, 3 yrs SRT
- Prisoner : Clear conduct, good programming
- Court Statement : None pertaining to pre-release RRC/HC
- Sentencing Commission : None pertaining to pre-release RRC/HC

Unit team recommends maximum home confinement of 10% (173 days) for a date on or after July 3, 2027.

**Comments**

Custody score: 2

# Exhibit D

# FCI Sheridan's First Graduating Class of CDL-Licensed Inmates

*8/5/2026*



The Satellite Prison Camp at FCI Sheridan is proud to announce the successful completion of its first class of inmates to earn their Commercial Driver's License (CDL), marking a significant milestone in the institution's commitment to rehabilitation and vocational advancement. The program, launched in January 2026, was made possible through strong coordination between Camp Education, Camp Unit Team, and Chemeketa Community College.

The process began with Education staff screening eligible inmates for program suitability. Once the initial list of candidates was determined, Camp Unit Team reviewed each individual for furlough eligibility, ensuring all selected participants could fully engage in required off-site training and testing.

Following selection, inmates began coursework and CDL preparation with Chemeketa instructors. In March 2026, staff facilitated multiple furlough trips to the community, allowing participants to complete medical evaluations and take their CDL learner's permit exams at the local DMV.

Hands-on instruction intensified throughout the spring. In May 2026, Chemeketa instructors coordinated transportation to and from the college campus where inmates received practical training. Participants practiced essential commercial driving skills including maneuvering, backing into docks, and mastering safe and effective driving techniques.

By the end of May, four inmates successfully completed the Entry Level Driver Training (ELDT) program in Salem, Oregon. One participant was released shortly thereafter, while the remaining three continued their progress. On August 4, 2026, those finalists passed their endorsement exams and officially paid for and received their CDL licenses.

This achievement reflects the dedication of the inmates, staff, and community partners who made this opportunity possible. SCP Sheridan is honored to support programs that foster meaningful rehabilitation, skill development, and successful reentry into society.

CHEMEKETA COMMUNITY COLLEGE

# CERTIFICATE

This certificate is to acknowledge that

**Sergey Lebedenko**

Has completed the requirements for the

**Commercial Driver Training**

This is to certify that the named individual has successfully completed the training requirements as stipulated by the Federal Motor Carrier Safety Regulations for entry-level driver training, in accordance with 49 CFR 380.503.

Date:

Nol Cobb,
Director, Apprenticeship

Patrick Chappell
Instructor, Commercial Driver Training

Discover Chemeketa Community College

**Oregon Department of Transportation**
1905 Lana Avenue NE
Salem OR 97314
**RETURN SERVICE REQUESTED**

16883649

Oregon

Driver and Motor Vehicle Services—DMV
www.OregonDMV.com

16883649_30
[redacted]
USA

**Please Verify Your Information:**
Attached is your driver license or identification card. Please review the information on the card to verify it is accurate. If there are any errors or if you have any questions, call 866-504-8686 or your local DMV office.

**Address Change:**
Oregon law requires you to notify DMV within 30 days of an address change. To change your address and for more information on DMV services, visit our website at www.oregondmv.com.

**Suspended or Revoked Privileges:**
If the privilege associated with this card was suspended, revoked, canceled or otherwise disqualified, this card is invalid.

1PD200053

OREGON
COMMERCIAL DRIVER LICENSE
USA Not for REAL ID Act



4d NO 6156453
1,2 LEBEDENKO
SERGEY V
8 4506 SE ANDEREGG LOOP
PORTLAND, OR 97236

4b EXP 10/19/2030
4a ISS 08/04/2026
9 FIRST UNAVAIL
5 DD 1PD200053
9 CLASS A
9a END NT
12 REST E
3 DOB [redacted]

15 Sex M
16 Hgt 5'-10"
17 Wgt 230lbs
18 Eyes BRO

SERGEY V LEBEDENKO
30

30
16883649
6156453

*

CERTIFICATE OF SERVICE

I, Sergey Lebedenko declare and state on October 15, 2026. Deposited in the Sheridan Satellite Camp postal mail box, located at the camp administration building the below listed documents addressed to the Office of the Clerk, District Court of Oregon.

Motion for reduction in sentence.
Exhibits A through F

Delivery address with adequate postage via US Postal Service.

United States District Court
District of Oregon, Portland Division
United States Courthouse
1000 SW Third Ave
Portland, OR 97204

AUSA /Sandra Barr
1000 SW Third Ave. #600
Portland, OR 97204

All other parties requiring notice who have appeared in this case will be notified via Electronic Court Filing System, "ECF"

Certified this 15 day of October, 2026

By [signature]
Sergey Lebedenko
Reg. No. 95864-510
Federal Correctional Institution
Sheridan Satellite Camp
P O Box 6000
Sheridan, OR 97378