SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SARAH BARR, WSB #40758**
Assistant United States Attorney
Sarah.Barr@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00061-01-AB** |
| **v.** | **RESPONSE TO DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION FOR REDUCTION IN SENTENCE** |
| **SERGEY LEBEDENKO** | |
| **Defendant.** | |

Defendant Sergey Lebedenko has moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 838 to the Sentencing Guidelines. However, Amendment 838 was not made retroactive. It is therefore not a basis for a sentence reduction under § 3582(c)(2). The motion must be denied.

## I. Background

Defendant was convicted by guilty plea of Conspiracy to Commit Wire Fraud, Wire Fraud, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1349, 1343, and 1956(h). ECF No. 117 (Amended Judgment). At the time of sentencing, his guideline range

was 57-71 months. On March 5, 2025, this Court imposed a 57-month term of imprisonment, the low end of the applicable range. ECF No. 117 at 2 (Amended Judgment).

On December 15, 2025, defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and the U.S. Sentencing Commission's Amendment 821, regarding zero-point offenders. ECF No. 127. This Court denied it. ECF No. 133. On May 5, 2026, defendant filed a second motion to reduce his sentence under § 3582(c)(2), this time invoking the then-proposed U.S. Sentencing Commission's Amendment 838, amending the monetary table under USSG § 2B1.1(b)(1). ECF No. 144. This Court denied it because the amendment was not yet effective and had not been made retroactive. ECF No. 150 (citing ECF No. 147). On October 19, 2026, defendant filed his third motion for sentence reduction under § 3582(c)(2), again invoking the amended monetary table under USSG § 2B1.1(b)(1).

Defendant is currently serving his sentence at FCI Sheridan, with a projected release date of July 5, 2028. His motion must be denied because, while the amendment is now in effect, it has not been made retroactive.

## II. Discussion

### A. The Amendment

On November 1, 2026, the U.S. Sentencing Commission amended the monetary tables in USSG § 2B1.1 "to account for inflation." *See* U.S. Sentencing Commission, Guidelines Manual 2026, Supplement to Appendix C, at 19 (Nov. 1, 2026), available at https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2026/APPENDIX_C_Supplement.pdf (last accessed November 2, 2026). The change was captured in Amendment 838. *Id*. at 11–20.

**B. Analytical Framework**

A court may reduce a sentence where a defendant "has been sentenced to a term of imprisonment *based on* a sentencing range *that has subsequently been lowered* by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); U.S.S.G. § 1B1.10(a)(1). In assessing whether to reduce a defendant's sentence based on a retroactive amendment to the guidelines, the court follows a two-step process. *United States v. Brito*, 868 F.3d 875, 879-880 (9th Cir. 2017); *see also* 18 U.S.C. § 3582(c)(2). First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in Section 1B1.10. *Brito*, 868 F.3d at 880. The policy statement is binding. *Dillon v. United States*, 560 U.S. 817, 821 (2010). Second, the court must consider the applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the circumstances of the case. *Brito*, 868 F.3d at 880.

**C. Defendant is ineligible for a reduction because Amendment 838 is not retroactive.**

The policy statement says that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant." USSG § 1B1.10(a)(2)(A). In turn, subsection (d) does not list Amendment 838 as a "covered amendment." USSG § 1B1.10(d). Thus, Amendment 838 does not have retroactive effect and cannot support a sentence reduction under § 3582(c)(2). Defendant's motion seeking a sentence reduction under this amendment must be denied.

/ / /

/ / /

## III. Conclusion

The Court should deny defendant's motion because he is ineligible for the relief sought.

Dated: November 2, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Sarah Barr*
SARAH BARR, WSB #40758
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I filed the above **Response to Defendant's 18 U.S.C. § 3582(c)(2) Motion for Reduction in Sentence** electronically with the Court using the CM/ECF system. Because the pro se defendant is not a registered CM/ECF user, I further certify that a physical copy of the response and this certificate will be placed in the outgoing mail, USPS First Class, within three business days of electronic filing, addressed to defendant at:

Sergey Lebedenko, # 95864-510
FCI Sheridan
Federal Correctional Institution
Satellite Camp
P.O. Box 6000
Sheridan, OR 97378

Dated: November 2, 2026

*/s/ Sarah Barr*
SARAH BARR
Assistant United States Attorney